UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN FULFORD AND RENA FULFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16-BAJ-EWD** |
| **CLIMBTEK, INC., ET AL.** | |

## ORDER DENYING MOTION TO SUBSTITUTE

Before the Court is a Motion to Substitute Second Amending Complaint, filed on behalf of plaintiffs Marvin and Rena Fulford. (R. Doc. 32). The Motion was filed in response to the Notice and Order issued by this Court on November 2, 2016, ordering Plaintiffs to file a motion to substitute the Second Amending Complaint (R. Doc. 11) with a comprehensive proposed pleading that adequately alleges the citizenship of all parties. (R. Doc. 29; *See*, R. Doc. 32 at 1).

Plaintiffs filed an Original Complaint in this Court on January 8, 2016, alleging that the Court has subject matter jurisdiction over the dispute based upon diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1 at 1). The Original Complaint alleges that Plaintiffs are "residents of Sicily Island, Louisiana" and that the sole defendant, Climbtek, Inc., is "an Illinois corporation, who may be served through its agent for service of process, Gregory F. Smith, 1900 Spring Road, Suite 200, Oak Brook, IL 60523." (*Id*. at 1-2).

On June 1, 2016, without leave of court,[1] Plaintiffs filed a Second Amending Complaint to name Michigan Ladder Company, LLC, as an additional defendant. (R. Doc. 11). However, the

---

[1] According to the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after it is served or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. *See,* Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Second Amending Complaint is not a comprehensive pleading and it does not allege the citizenship of all parties.  The Second Amending Complaint does not allege the citizenship of the Plaintiffs.  With respect to the defendants, the Second Amending Complaint contains the following allegations:

>Made defendant [sic] herein are:
>
>**Climbtek, Inc. (Climbtek),** an Illinois corporation, who may be served through its agent for service of process, Gregory F. Smith, 1900 Spring Road, Suite 200, Oak Brook, IL 60523; and
>
>**Michigan Ladder Company, LLC**, a Michigan corporation, who may be served through its agent for service of process, Thomas P. Harrison, P.O. Box 981307, Ypsilanti, MI 48198 . . . .

(R. Doc. 11 at 1).

On November 2, 2016, this Court issued a Notice and Order requiring Plaintiffs to "file a motion to substitute the Second Amending Complaint (R. Doc. 11) with a proposed pleading that is a comprehensive complaint that properly sets forth the citizenship of all parties, which shall become the operative complaint in this matter."  (R. Doc. 29).  The November 2, 2016 Order also required Plaintiffs to file the substitute comprehensive complaint within seven days of the date of the Order.  (*Id.*).

On November 9, 2016, in response to the Court's November 2, 2016 Order, Plaintiffs filed the instant Motion to Substitute Second Amending Complaint.  (R. Doc. 32).  The proposed Second Amending Complaint makes the following allegations regarding the citizenship of the parties:

>Made defendants herein are:
>
>**Climbtek, Inc. (Climbtek),** incorporated in the State of Illinois, whose agent for service of process is listed as Gregory F. Smith, 1900 Spring Road, Suite 200, Oak Brook, IL 60523; and
>
>**Michigan Ladder Company, LLC**, incorporated in the State of Michigan, whose address is listed as 12 E. Forest Avenue, Ypsilanti,

2

>MI 48198, who may be served through its agent for service of process, Thomas P. Harrison, P.O. Box 981307, Ypsilanti, MI 48198 . . . .

(R. Doc. 32-1 at 2).  While the proposed Second Amending Complaint is a comprehensive pleading, it does not allege the citizenship of the Plaintiffs.

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  Citizenship has not been adequately alleged in the proposed Second Amending Complaint.  First, with respect to Marvin and Rena Fulford, the proposed Second Amending Complaint contains no information as to their alleged citizenship.  Although the Original Complaint alleges that Rena and Marvin Fulford are "residents of Sicily Island, Louisiana" (R. Doc. 1 at 1), the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

Additionally, the citizenship of the defendants has not been adequately alleged.  "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c)(1).  *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").  Thus, to properly allege the citizenship of Climbtek, Inc., Plaintiffs must allege the place of incorporation and its principal place of business.

It is unclear from the proposed Second Amending Complaint whether Michigan Ladder Company, LLC is a limited liability company, as its name suggests, or if it is a corporation, as previously alleged in the Plaintiff's original Second Amending Complaint. (R. Doc. 11 at ¶ 3).  If Michigan Ladder Company, LLC is a corporation, then Plaintiffs must allege its place of

3

incorporation and its principal place of business to properly allege its citizenship under 28 U.S.C. § 1332(c)(1). However, if Michigan Ladder Company, LLC is a limited liability company, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Substitute Second Amending Complaint (R. Doc. 32) is **DENIED** without prejudice to re-filing a motion to substitute the Second Amending Complaint (R. Doc. 11) with a comprehensive proposed pleading that adequately alleges the citizenship of all parties. Plaintiffs shall have seven (7) days from the date of this Order to file the motion to substitute without further leave of Court.

Signed in Baton Rouge, Louisiana, on November 14, 2016.

                                      **ERIN WILDER-DOOMES**
                                      **UNITED STATES MAGISTRATE JUDGE**