# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARVIN FULFORD AND**                      **CIVIL ACTION**
**RENA FULFORD**

**VERSUS**                                       **NO. 16-16-BAJ-EWD**

**CLIMBTEK, INC.**

## RULING AND ORDER ON UNOPPOSED MOTION TO INTERVENE

Before the Court is a Motion to Intervene filed by the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management ("ORM").[1]  ORM seeks to intervene in this suit pursuant to Fed. R. Civ. P. 24(a).[2]  ORM asserts that it has obtained consent to file the Motion to Intervene from counsel for plaintiff Marvin Fulford, but that counsel for defendant Michigan Ladder Company, LLC, has not yet responded to ORM's request for consent to file a Complaint of Intervention.[3]

For the reasons set forth herein, ORM's Motion to Intervene is **GRANTED.**[4]

---

[1] R. Doc. 22.

[2] R. Doc. 22-1 at 2.

[3] R. Doc. 22 at 3.  As of the date of this Order, Climbtek, Inc. has not been served nor has Climbtek, Inc. made an appearance or filed a responsive pleading in this matter.  (*See,* R. Doc. 20).  However, on September 1, 2016, the Court granted Plaintiffs an additional seventy-five (75) days, or until and including November 15, 2016, to conduct limited discovery regarding the relationship between Climbtek, Inc. and Michigan Ladder Company, LLC and to serve Climbtek, Inc.  (R. Doc. 23).  On November 18, 2016, upon joint motion by the parties, the Court extended the deadline for Plaintiffs to conduct limited discovery regarding the relationship between Climbtek, Inc. and Michigan Ladder Company, LLC to January 1, 2017.  (R. Doc. 37).

[4] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A).  "A motion to intervene is considered a non-dispositive motion."  *Johnson v. Qualawash Holdings, LLC*, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)).  *See also, Stephens v. State Farm and Cas. Co.*, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").

## I.  Background

On January 8, 2016, Marvin and Rena Fulford (collectively, "Plaintiffs") filed an Original Complaint in this Court against Climbtek, Inc. ("Climbtek"), seeking to recover damages for injuries that Marvin Fulford allegedly suffered on February 2, 2015 when he fell from an articulated ladder that prematurely folded and collapsed while Marvin was servicing a suspended heating unit.[5]  Plaintiffs claim that during the fall, Marvin's skull violently struck the concrete floor, causing severe and life threatening injuries.[6]  Plaintiffs allege that as the manufacturer and seller of the articulated ladder, Climbtek is liable under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq.*[7]  Plaintiffs further assert that this Court has subject matter jurisdiction over the dispute because the controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.[8]  Specifically, Plaintiffs allege that they are both citizens of Louisiana[9] and Climbtek is alleged to be an Illinois corporation with its principal place of business in Illinois.[10]

On January 12, 2016, Plaintiffs filed an Amended Complaint, supplementing the signature page of the Original Complaint with a signature page containing the electronic signature of Plaintiffs' counsel.[11]  On June 1, 2016, without further leave of court, Plaintiffs filed a Second Amending Complaint, adding Michigan Ladder Company, LLC ("Michigan Ladder") as a defendant.[12]  The parties allege that Michigan Ladder is a citizen of Michigan for purposes of

---

[5] R. Doc. 1 at 1-2.
[6] *Id*. at 2.
[7] *Id*. at 2-5.
[8] *Id*. at 1.  In the Original Complaint, Plaintiffs request damages in the amount of $3,500,000.00.  (*Id*. at 5-6).
[9] R. Doc. 39.
[10] R. Doc. 22-1 at 1; *See*, R. Doc. 1 at 2; R. Doc. 11 at 1.
[11] R. Doc. 3.
[12] R. Doc. 11.

diversity jurisdiction.[13]   In the Second Amending Complaint, Plaintiffs allege that Marvin Fulford's injuries were caused by the defective ladder manufactured and sold by Climbtek and Michigan Ladder (collectively, "Defendants"), asserting claims against Defendants under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq.*[14]   Plaintiffs allege that Michigan Ladder is the parent/holding company of Climbtek and that the two entities "acted as a 'single business enterprise' to avoid payment of any potential judgments and to continue the business of manufacturing and selling ladders."[15]

ORM filed the instant Motion to Intervene on September 6, 2016, asserting that it should be allowed to intervene in this case because ORM has a subrogation interest against the Defendants for all past and future workers' compensation payments paid and/or to be paid to and/or on behalf of Marvin Fulford.[16]   ORM claims the underlying accident occurred while Marvin Fulford was "engaged in employment" with the State of Louisiana through the Board of Supervisors of Louisiana State University and Agriculture and Mechanical College ("Board of Supervisors of LSU").[17]   ORM alleges that as a result of the accident, Marvin sustained injuries requiring medical treatment and payment of weekly benefits as provided for under the provisions of the Louisiana Workers' Compensation Act.  ORM asserts that it has an interest in the outcome of this litigation

---

[13] R. Doc. 43 at 1.  In the Statement of Citizenship filed by Michigan Ladder on December 6, 2016, counsel for Michigan Ladder asserts that the members of Michigan Ladder are Amherst Fund II, LLC ("Amherst") and Harrison Industries, LLC ("Harrison").  *Id.*  Counsel for Michigan Ladder asserts that the sole member of Amherst is Matthew Turner and the sole member of Harrison is Tom Harrison.  Counsel further alleges that Matthew Turner and Tom Harrison are both domiciled in Michigan.  *Id.*  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Because counsel for Michigan Ladder alleges that all of the members of Michigan Ladder are citizens of Michigan, Michigan Ladder is a citizen of Michigan for purposes of diversity jurisdiction.
[14] R. Doc. 11 at 2, 4-7.
[15] *Id.* at 8-9.
[16] R. Doc. 22.  On November 2, 2016, this Court issued a Notice and Order requiring ORM to file a motion to substitute the proposed Complaint of Intervention (R. Doc. 22-1) with a proposed pleading that is a comprehensive Complaint of Intervention that adequately alleges the citizenship of the parties.  (R. Doc. 29).  In response, ORM filed a Motion to Substitute Comprehensive Complaint of Intervention on November 7, 2016, which was granted by this Court on December 8, 2016.  (*See*, R. Docs. 30 and 46).
[17] R. Doc. 22-1 at 2.

3

because it has made indemnity payments and medical payments to and/or on behalf of Marvin in accordance with the Louisiana Workers' Compensation Act.

ORM further asserts that as of November 3, 2016, it has paid $27,922.74 in workers' compensation medical benefits and $31,476.69 in workers' compensation indemnity benefits to and/or on behalf of Marvin and that it may be required to make additional workers' compensation payments in the future.[18]  ORM alleges that it is subrogated to all of Marvin's rights to the full extent of workers' compensation benefits previously paid and to be paid in the future, and that it is "entitled to recover such sums by preference out of any payment obtained by Marvin Fulford by compromise or judgment in this action."[19]  ORM similarly asserts that it is subrogated to all rights and actions to which its insured, the Board of Supervisors of LSU, is entitled by virtue of La. R.S. 23:1162(d).  ORM also seeks legal interest on all sums paid to Marvin as workers' compensation benefits from the date of judicial demand.

Since ORM's cause of action is one of reimbursement from a third-party tortfeasor for all past and future workers' compensation payments paid to and/or on behalf of Marvin Fulford, ORM should be aligned as a party plaintiff in this matter.  *See, Paxton v. Kirk Key Interlock Co., LLC*, 2008 WL 4977299, at *7 (M.D. La. Oct. 21, 2008), *report and recommendation adopted in part, rejected in part on other grounds*, 2008 WL 5043428, at *2 (M.D. La. Nov. 21, 2008); *See also, Dushane v. Gallagher Kaiser Corp*., 2005 WL 1959151 (W.D. La. Aug. 10, 2005) (holding that an injured worker's employer that was seeking reimbursement from a third-party tortfeasor for worker's compensation benefits paid should be aligned with the plaintiffs, as it was in the employer's interest for plaintiffs to maximize their recovery against the defendants and thereby increase the potential for the employer to recover all of the worker's compensation benefits it had

---

[18] R. Doc. 22-1 at 3.
[19] *Id*. at 4.

paid to the plaintiffs). In the proposed Complaint of Intervention, ORM asserts that it is "an office of the sovereign State of Louisiana, and as such is a public entity organized under the Constitution and laws of the State of Louisiana . . . ."[20] Thus, for purposes of diversity jurisdiction, ORM is a Louisiana citizen. Accordingly, ORM's intervention in this suit will not destroy the Court's subject matter jurisdiction under 28 U.S.C. § 1332.

## II. Law and Analysis

ORM seeks to intervene in this suit under Fed. R. Civ. P. 24(a).[21] That section provides that on "timely motion" the court must permit intervention by anyone who is either (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). ORM does not assert that a federal statute grants it an unconditional right to intervene; instead, it moves for intervention under Fed. R. Civ. P. 24(a)(2).

### A.  Timeliness of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co*., 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth*, 558 F.2d at 263 (quoting *United States v. United States Steel Corp*., 548 F.2d 1232, 1235 (5th Cir. 1977)). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene

---

[20] R. Doc. 22-1 at 2.
[21] R. Doc. 22-1 at 2.

is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth*, 558 F.2d at 264-266).

Here, Plaintiffs filed the Original Complaint in this Court on January 8, 2016.[22] ORM first sought leave to intervene in this matter on September 6, 2016.[23] No party has asserted that the Motion to Intervene is untimely. More importantly, however, this suit is still in its early stages. The Court has not yet held a scheduling conference,[24] nor has the Court issued a scheduling order. There is also no trial date set in this case. Accordingly, the Court finds ORM's Motion to Intervene to be timely.

**B. Intervention of Right**

According to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene;

---

[22] R. Doc. 1.

[23] R. Doc. 22.

[24] *See* R. Docs. 4, 5, 6, 10, 14, 19, 24, 42. A Scheduling Conference is currently set for January 5, 2017. (R. Doc. 42).

A Scheduling Conference was originally set for March 10, 2016 (R. Doc. 4), but was continued until May 26, 2016 upon motion by the Plaintiffs. (R. Docs. 5, 6). The Court subsequently reset the Scheduling Conference for July 5, 2016, for August 11, 2016, and for September 14, 2016 because service had not been effected upon Defendants and Defendants had not made an appearance. (R. Docs. 10, 14, 19). On September 1, 2016, the Court held a Show Cause Hearing and issued an Order granting Plaintiffs seventy-five days from the date of the Order to conduct limited discovery regarding the relationship between the Defendants and to serve defendant Climbtek, Inc. (R. Doc. 23). Based on the September 1, 2016 Order, the Scheduling Conference was continued to December 8, 2016. (R. Doc. 24).

(3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest.  *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001).  As discussed above the Court finds ORM's Motion to Intervene is timely.

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee . . . or the employer or insurer brings suit against a third person . . . he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit."  La. R.S. 23:1102(A)(1).  "Although the statute provides that the other *may* intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor."  *Houston General Ins. Co. v. Commercial Union Ins. Co*., 649 So. 2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit . . . .")) (emphasis in original).  *See also, Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 883 (5th Cir. 1992) ("There is no doubt that, under Louisiana law, a compensation carrier or employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in order to collect reimbursement for workers' compensation from the successful tort plaintiff's judgment."); *Senac v. Sandefer*, 418 So. 2d 543, 545 n.1 (La. 1982) ("The employer's compensation insurer failed to intervene in this action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."); *Allstate Indem. Co. v. Knighten*, 30,012, p.2 (La. App. 2 Cir. 12/10/97), 705 So. 2d 240, 242 ("While the statutory language is permissive regarding intervention by the party

who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer *must* intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights.") (emphasis in original).

"In light of this jurisprudence, district courts in this circuit have found that workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right." *Williams v. Brand Energy & Infrastructure Servs., Inc*., No. 16-120, R. Doc. 26 (M.D. La. July 15, 2016); *See, Johnson v. Qualawash Holdings, LLC*, 990 F. Supp. 2d 629, 640 (W.D. La. 2014) (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance . . . .   Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.).

Here, ORM alleges that it has paid workers' compensation medical benefits and workers' compensation indemnity benefits under the Louisiana Workers' Compensation Act to and on behalf of Marvin Fulford.[25]   Unless ORM is allowed to intervene, it will lose its right to reimbursement.  Accordingly, the Court finds ORM to be an intervenor of right under Fed. R. Civ. P. 24(a)(2).[26]

---

[25] R. Doc. 22-1 at 3-4.

[26] No party contends, and the Court does not find, that ORM's interests are adequately represented by either the Plaintiffs or Defendants in this suit.  Like the Plaintiffs, ORM has an interest in maximizing recovery against Defendants.  *See, Dushane v. Gallagher Kaiser Corp*., 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After

## II.        Conclusion

For the reasons set forth herein, the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management's unopposed Motion to Intervene[27] is **GRANTED.**

Accordingly,

**IT IS HEREBY ORDERED** that the State of Louisiana, Office of the Governor, Division of Administration, Office of Risk Management's Complaint of Intervention[28] shall be filed into the record in this matter.

Signed in Baton Rouge, Louisiana, on December 8, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word."). However, the recovery sought by ORM (reimbursement for past payments in the amount of $59,399.43 plus any and all additional workers' compensation benefits paid to and/or on behalf of Marvin Fulford in the future) is separate from the Plaintiffs' damage claim.
[27] R. Doc. 22.
[28] R. Doc. 22-1.