# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARVIN FULFORD, ET AL.**                             **CIVIL ACTION**

**VERSUS**                                                                                  **NO. 16-16-BAJ-EWD**

**CLIMBTEK, INC., ET AL.**

## ORDER

Before the Court is a Motion to Quash Subpoenas to Produce Documents, Information, or Objects Issued by Plaintiffs On or About June 7, 2017 (the "Motion"), filed by defendant Michigan Ladder Company, LLC ("Michigan Ladder").[1] The Motion is opposed.[2] For the reasons that follow, the Motion to Quash is **GRANTED**.

In the Motion, Michigan Ladder moves to quash the subpoenas duces tecum issued by Marvin and Rena Fulford ("Plaintiffs") to several insurance companies[3] on the grounds that the subpoenas were issued after the deadline for discovery on the issue of jurisdiction.[4] Plaintiffs assert that the subpoenas were issued in response to the Ruling and Order issued by Chief Judge Brian A. Jackson on January 19, 2017,[5] denying without prejudice Michigan Ladder's Motion to Dismiss Under Rule 12(b)(2).[6] In the Ruling and Order, Chief Judge Jackson found that the Court lacked "sufficient information regarding the nature of the relationship between Climbtek and

---

[1] R. Doc. 96.
[2] R. Doc. 110.
[3] *See*, R. Doc. 96-2.
[4] By Order dated November 18, 2016, the undersigned granted Plaintiffs an extension until January 1, 2017 to conduct limited discovery with regard to the relationship between Michigan Ladder and defendant Climbtek. R. Doc. 37. *See also*, R. Doc. 23.
[5] R. Doc. 60.
[6] R. Doc. 25.

Michigan to adequately rule on Defendant's motion to dismiss for lack of personal jurisdiction."[7] As such, the Motion to Dismiss was denied without prejudice to Michigan Ladder re-filing the motion with supplemental allegations and evidence relative to the relationship between Climbtek and Michigan Ladder by February 3, 2017.[8] In opposition to the Motion to Quash, Plaintiffs assert "that is precisely why the subpoenas were issued," explaining that, "Plaintiffs are simply seeking to provide this Court with all pertinent and relevant information relating to Michigan's pending 12(b)(2) Motion to Dismiss."[9] Plaintiffs claim that the subpoenas were issued to determine whether Michigan Ladder and Climbtek were listed on the same insurance policies, asserting that, "This crucial information will further support plaintiffs' allegations of Successor Liability, Single Business Enterprise and Alter Ego theories of liability."[10]

In accordance with Chief Judge Jackson's Ruling and Order, Michigan Ladder filed a Supplemental Motion to Dismiss Under Rule 12(b)(2) on February 3, 2017, asserting that the Court lacks personal subject matter jurisdiction over Michigan Ladder.[11] On September 21, 2017, Chief Judge Jackson issued a Ruling and Order denying the Supplemental Motion to Dismiss, concluding that "Plaintiffs have established a *prima facie* case for personal jurisdiction" over Michigan Ladder.[12]

In light of Chief Judge Jackson's September 21, 2017 Ruling and Order, to the extent that the subpoenas at issue in the Motion to Quash were issued to obtain information to establish the Court's personal jurisdiction over Michigan Ladder, that issue has now been decided by the Court favorably to Plaintiffs. Additionally, to the extent that the subpoenas were issued to obtain

---

[7] R. Doc. 60 at p. 3.
[8] *Id.* at p. 4.
[9] R. Doc. 110 at p. 2.
[10] *Id.* at p. 2.
[11] R. Doc. 61.
[12] R. Doc. 113.

information to "further support plaintiffs' allegations of Successor Liability, Single Business Enterprise and Alter Ego theories of liability," Plaintiffs must seek that information in accordance with the discovery rules set forth in the Federal Rules of Civil Procedure, which state that, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Now that the Motion to Dismiss has been decided, a Scheduling Conference Order has been issued requiring the parties to confer as required by Rule 26(f).[13] Nothing in the instant Order precludes Plaintiffs from seeking the requested information in the normal course of discovery in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Quash Subpoenas to Produce Documents, Information, or Objects Issued by Plaintiffs On or About June 7, 2017,[14] filed by defendant Michigan Ladder Company, LLC is **GRANTED.**

Signed in Baton Rouge, Louisiana, on September 22, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 114.
[14] R. Doc. 96.