## UNITED STATES OF AMERICA
## MIDDLE DISTRICT OF LOUISIANA

**MARVIN FULFORD**
**AND RENA FULFORD**

**VERSUS**          **CIVIL ACTION: 3:16-cv-00016-BAJ-EWD**

**CLIMBTEK, INC., et al**

---

### STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED AND STATEMENT OF MATERIAL ISSUES OF LAW IN DISPUTE

---

In accordance with Local Rule 56(b), Marvin and Rena Fulford ("Fulford") provide the following list of material facts as to which there is a genuine issue of fact to be tried:

1. Whether the incident ladder involved in this case failed during normal use;

2. Whether the incident ladder was defective pursuant to the remedies provided in the Louisiana Products Liability Act (LPLA);

3. Whether the incident ladder was unreasonably dangerous while being put to a reasonably anticipated use;

4. Whether plaintiff's incident resulted from a defective hinge locking mechanism on the incident ladder;

5. Whether safer alternative designs existed such as a positive finger lock hinge mechanism;

6. Whether the incident ladder was defective in design pursuant to the LPLA;

7. Whether the incident ladder was defective in construction and composition pursuant to the LPLA;

8. Whether the incident ladder had inadequate warnings pursuant to the LPLA;

9. Whether the incident ladder and hinge locking mechanisms were adequately tested by defendants;

10. Whether the defective hinge mechanisms contained in the locking bolts on the Krause ladder and subsequently Climbtek ladder were ever truly remedied;

11. Whether the incident ladder was partially locked, i.e. false lock scenario, causing plaintiff to suffer injuries in the incident;

12. Whether the hinge release rod was inadvertently struck by plaintiff, causing the locking bolts to simultaneously disengage, causing the incident sued upon herein.

## **STATEMENTS OF MATERIAL ISSUES OF LAW IN DISPUTE**

In addition to the inherent material facts in dispute listed above, plaintiffs submit the following:

1. Whether a jury could properly conclude from the facts and evidence that:

    a. Whether plaintiff was engaged in a reasonably anticipated use of the incident ladder when it failed because of a defective hinge locking mechanism, which allows the locking bolts to suddenly disengage during normal use;

    b. Whether plaintiff's incident was a consequence of either a defect in design, defect in construction or composition and/or due to inadequate warnings on the incident ladder.

**Respectfully Submitted:**

**MORROW, MORROW, RYAN, BASSETT & HAIK**

  /s/ P. Craig Morrow
P. CRAIG MORROW (#23536)
RICHARD T. HAIK, SR. (#06414)
Post Office Drawer 1787
Opelousas, LA 70571-1787
Telephone: (337) 948-4483
Fax: (337) 942-5234
craigm@mmrblaw.com

AND

**NORRIS LAW FIRM, LLC**
CHARLES S. NORRIS, JR. (#10055)
CHRISTOPHER J. NORRIS (#34696)
P. O. Box 400
Vidalia, LA 71373-0400
Telephone: (318) 336-1999
Fax: (318) 266-8303
chuck@norrisattys.com
chris@norrisattys.com
ATTORNEYS FOR MARVIN FULFORD AND RENA FULFORD

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served on counsel for all parties, by emailing the same to each, on August 20, 2019.

MORROW, MORROW, RYAN, BASSETT & HAIK

  /s/P. Craig Morrow
P. CRAIG MORROW