# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN FULFORD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **CLIMBTEK, INC., ET AL.** | **NO: 16-00016-BAJ-EWD** |

## RULING AND ORDER

Before the Court is the **Motion for Partial Summary Judgment (Doc. 179)** filed by Plaintiffs. Defendants have filed a response in opposition (Doc. 212). For the following reasons, the **Motion for Partial Summary Judgment (Doc. 179)** is **GRANTED**.

### I. PROCEDURAL BACKGROUND

This suit arises out of an allegedly defective ladder. (Doc. 102 at ¶ 6). On February 2, 2015, Marvin Fulford was allegedly servicing a suspended heating unit in Winnsboro, Louisiana while standing on an articulated ladder when it collapsed. *Id*. Mr. Fulford then allegedly fell, fractured his spine, and suffered a traumatic brain injury. *Id*. Plaintiffs filed the instant action on January 8, 2016. (Doc. 1). Plaintiffs brought claims under the Louisiana Products Liability Act, claiming that the ladder was defective and unreasonably dangerous. (*Id*. at p. 2). On June 30, 2017, the Magistrate Judge granted Plaintiffs' Motion for Leave to File a Third Amended Complaint, which named Michigan Ladder Company, LLC and Michigan Ladder Company, Inc. as defendants, among others. (Doc. 101). On August 9, 2019, Plaintiffs

filed the motion for partial summary judgment before the Court. (Doc. 179). Plaintiffs move the Court to render summary judgment declaring that 1) Michigan Ladder Company, Inc. is the manufacturer of the Climbtek ladder, 2) Michigan Ladder Company, LLC is the successor in interest of Michigan Ladder Company, Inc., and 3) Michigan Ladder Company, LLC is therefore the manufacturer of the Climbtek ladder. *Id.*

## II. FACTUAL BACKGROUND[1]

### A. The Relationship between Michigan Ladder Company, Inc. and the Climbtek Ladder.

Michigan Ladder Company, Inc. was a ladder manufacturer formed in 1901. (Doc. 179-1 at 2). Its office was located at 12 E. Forest Ave. in Ypsilanti, Michigan. *Id.* Michigan Ladder Company, Inc. owned Climbtek, Inc. (*Id.* at p. 4). Michigan Ladder Company, Inc.'s office was used to conduct business relating to Climbtek ladders. (*Id.* at p. 3). Climbtek ladders were distributed from Michigan Ladder Company, Inc.'s office, and communications from companies, third-party vendors, and consumers regarding Climbtek ladders were directed there. (*Id.* at p. 3-5). Michigan Ladder Company, Inc.'s website referred to the Climbtek ladder as "Our articulating Climbtek ladder" and stated that the ladder used "our exclusive precision locking hinge and patented one hand release rod." (*Id.* at p. 2). When Climbtek, Inc.

---

[1] Local Rule of Civil Procedure 56(b) provides that each opposition to a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which the opponent contends there exists a genuine issue to be tried. All material facts set forth in the statement served by the moving party will be deemed admitted unless controverted as required by the Rule. Defendants did not file a statement of the material facts as to which they contend there exists a genuine issue to be tried. Accordingly, the facts which Plaintiffs contend there is no genuine issue to be tried are deemed admitted.

closed, Michigan Ladder Company, Inc. trucks and personnel removed Climbtek ladders from the office. (*Id.* at p. 4).

### B. The Relationship between Michigan Ladder Company, Inc. and Michigan Ladder Company, LLC.

Thomas Harrison served as the general manager of Michigan Ladder Company, Inc. starting in 2004. (*Id.* at p. 2). In January 2014, Harrison formed Michigan Ladder Company, LLC for the specific purpose of acquiring Michigan Ladder Company, Inc. *Id.* Michigan Ladder Company, LLC purchased Michigan Ladder Company, Inc. in February 2014. *Id.* Harrison then became the president of Michigan Ladder Company, LLC. *Id.*

Michigan Ladder Company, LLC's office is also located at 12 E. Forest Ave. in Ypsilanti, Michigan. *Id.* Further, Michigan Ladder Company, Inc. and Michigan Ladder Company, LLC share at least eleven employees, including high-level employees such as the comptroller, plant manager, sales manager, and dock supervisor, as well as corporate officers such as Harrison. (*Id.* at p. 3). None of these employees were fired and rehired. *Id.*

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the nonmovant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At that moment, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.*

The nonmovant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

Under the Louisiana Products Liability Act, "manufacturer" means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. La. Stat. Ann. § 9:2800.53. Manufacturer also refers to a person or entity who labels a product as his or her own or who otherwise holds himself or herself out to be the manufacturer of the product. *Id.* Defendants did not file a statement of material facts disputing Plaintiffs' facts establishing that Michigan Ladder Company,

Inc. is the manufacturer of the Climbtek ladder, which are described above. Accordingly, summary judgment on this issue is granted in favor of Plaintiffs.

Moving on to the issue of the relationship between Michigan Ladder Company, Inc. and Michigan Ladder Company, LLC, under Louisiana law, a purchaser corporation is generally not liable for the assets of the corporation that it acquires. *Monroe v. McDaniel*, 207 So. 3d 1172, 1180 (La. Ct. App. 2016) (quoting *Golden State Bottling Co., Inc. v. National Labor Relations Board*, 414 U.S. 168, 182 n.5 (1973)). However, it is liable where "the purchaser is merely a continuation of the selling corporation." *Id.* To establish that a purchaser is a mere continuation of the acquired company, the purchaser "must have purchased all or substantially all the assets of another." *J.D. Fields & Co. v. Nottingham Construction Co., LLC*, 184 So.3d 99, 103 (La. Ct. App. 2015). Next, courts must consider a variety of factors, including whether the "successor corporation retains the predecessor corporation's employees; represents that it is a continuation of the predecessor enterprise; retains the supervisory personnel of the predecessor; retains the same production facilities in the same physical location; produces the same product; retains the predecessor's name; and continues the predecessor's general business operations." *Allstate Ins. Co. v. Wal-Mart*, No. CIV. A. 98-1923, 2000 WL 388844, at *3 (E.D. La. Apr. 13, 2000).

Plaintiffs' evidence, which has been deemed admitted by Defendants, reveals that Michigan Ladder Company, LLC is merely a continuation of Michigan Ladder Company, Inc. Michigan Ladder Company, LLC purchased Michigan Ladder Company, Inc. in February 2014. Further, Michigan Ladder Company, LLC retained

at least eleven of Michigan Ladder Company, Inc.'s employees, including high-level employees such as the comptroller, plant manager, sales manager, and dock supervisor, as well as corporate officers such as Harrison. Michigan Ladder Company, LLC's office is located at 12 E. Forest Ave. in Ypsilanti, Michigan, the same physical location as Michigan Ladder Company, Inc.'s office. Finally, Michigan Ladder Company, LLC retained Michigan Ladder Company, Inc.'s name. For these reasons, Michigan Ladder Company, LLC is deemed, under law, to be the successor in interest of Michigan Ladder Company, Inc.

V.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Partial Summary Judgment (Doc. 179)** is **GRANTED**.

Baton Rouge, Louisiana, this 28th day of October, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**