# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARVIN FULFORD, ET AL. | CIVIL ACTION |
| VERSUS | |
| CLIMBTEK, INC., ET AL. | NO: 16-00016-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 178)** filed by Defendants. Plaintiffs filed a response in opposition (Doc. 184). For the following reasons, the **Motion for Summary Judgment (Doc. 178) is GRANTED IN PART** and **DENIED IN PART**.

### I. FACTUAL BACKGROUND

This suit arises out of an allegedly defective ladder. (Doc. 102 at ¶ 6). On February 2, 2015, Marvin Fulford was allegedly servicing a suspended heating unit in Winnsboro, Louisiana while standing on an articulated ladder when it collapsed. *Id.* Mr. Fulford then allegedly fell, fractured his spine, and suffered a traumatic brain injury. *Id.* Plaintiffs filed the instant action on January 8, 2016. (Doc. 1). Plaintiffs bring claims under the Louisiana Products Liability Act, claiming that the ladder was unreasonably dangerous due to 1) defects in construction or composition, 2) defects in design, and 3) inadequate warnings. (Doc. 102 at 6-7).

### II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no

1

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the nonmovant "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal citations omitted). At that moment, the court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if "the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor," the motion for summary judgment must be denied. *Id.*

The nonmovant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal quotations omitted). Summary judgment is appropriate if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

To recover in a products liability suit brought under Louisiana law, a plaintiff

must prove by a preponderance of the evidence that 1) the product was defective, that is, unreasonably dangerous in normal use, 2) the product was in normal use at the time the injury occurred, 3) the defect caused the injury, and 4) the defect existed when the product left the control of the manufacturer. *Molett v. Penrod Drilling Co.*, 826 F.2d 1419, 1424 (5th Cir. 1987). A product can be unreasonably dangerous in construction or composition, in design, and/or because an adequate warning about the product has not been provided. La. Stat. Ann. § 9:2800.54.

Defendants first argue that Plaintiffs have no admissible expert testimony in support of their design defect claim. Plaintiffs hired two experts to opine on the cause of the accident: Phillip Beard and Dr. Thomas Shelton. Defendants contend that Beard's expert report fails to carry Plaintiffs' burden that the ladder was defective in design; however, Plaintiffs have clarified that Beard will no longer testify as an expert in this matter.

In Dr. Shelton's report, he opines that the most probable mode of failure involved a design defect in the hinge of the ladder. (Doc. 178-13 at 12). Defendants contend that Dr. Shelton's opinions are not admissible because they have not been shown to be possible or tested in a manner that is capable of duplication by other experts. The admissibility of Dr. Shelton's opinions was put at issue by Defendants' Daubert motion. (Doc. 187). The Court excluded Dr. Shelton's opinions regarding instructions or warnings but otherwise denied the motion. Thus, Dr. Shelton will be permitted to testify in support of Plaintiffs' design defect claim. Defendants' motion for summary judgment insofar as it rests on an argument to the contrary must be

3

denied.

Second, Defendants argue that Plaintiffs have no admissible expert testimony in support of their claim that the ladder lacked an adequate warning. As discussed above, the Court has excluded Dr. Shelton's opinions regarding warnings or instructions. Thus, Defendants' request for summary judgment on Plaintiffs' claim that the ladder was unreasonably dangerous due to inadequate warnings is granted insofar as the claim rests on Dr. Shelton's testimony.

Third, Defendants argue that Plaintiffs have no admissible expert testimony in support of their claim that the ladder was unreasonably dangerous in construction or composition. Under Louisiana law, "[a] product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. Stat. Ann. § 9:2800.55. In his report, Dr. Shelton states that the hinge of the ladder was defective in construction because the dimensions of the slot for the locking bolt were not within specifications. (Doc. 178-13 at 13). Defendants contend that Dr. Shelton failed to establish whether the dimensions of the slot were not within specifications at the time the ladder left the manufacturer's control. However, in his report, Dr. Shelton also opines that his examination of the hinge did not reveal evidence of wear to the extent that would explain the variation of the width of the slot from the specifications. *Id.* The Court finds that this evidence constitutes specific facts showing there is a genuine issue for

find that Plaintiffs have met their burden on causation. Thus, Defendants' motion for summary judgment on this basis must be denied.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 178)** is **GRANTED IN PART** and **DENIED IN PART**.

Baton Rouge, Louisiana, this 24th day of January, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA