# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MARVIN FULFORD, ET AL.　　　　　　　　　CIVIL ACTION

VERSUS

CLIMBTEK, INC., ET AL.　　　　　　　　　NO.: 16-00016-BAJ-EWD

## RULING AND ORDER

Before the Court is Defendants' ***Daubert*** **Motion (Doc. 187)** to exclude the opinions of Plaintiffs' expert, Dr. Thomas Shelton. For the reasons that follow, the **Motion (Doc. 187) is GRANTED IN PART and DENIED IN PART.**

## I.　BACKGROUND

Plaintiffs allege that on February 2, 2015, Marvin Fulford was servicing a suspended heating unit using an articulated ladder manufactured, distributed, and sold by Defendants at the LSU Sweet Potato Research Station near Winnsboro, Louisiana. (Doc. 102 at p. 3-4). Plaintiffs allege that the ladder suddenly collapsed, causing Mr. Fulford to fall and suffer serious bodily injuries. (*Id.* at 4).

Plaintiffs hired Dr. Shelton to opine on the cause of the accident. (Doc. 187-5 at 2). They offer Dr. Shelton, an engineer, as an expert in mechanical engineering, material sciences, metallurgical engineering, and failure analysis. (Doc. 250 at 201). In his report, Dr. Shelton opines that the hinges on the ladder were in the "false locked" position when Plaintiff started to climb it, and that the lock bolts moved out of the lock position as he was climbing, thus causing the accident. (Doc. 187-5 at 19).

Defendants move to exclude Dr. Shelton's opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (Doc. 187). Plaintiffs oppose. (Doc. 208).

## II. LEGAL STANDARD

An expert qualified by knowledge, skill, experience, training or education may present opinion testimony if (1) the expert's specialized knowledge will help the jury understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The party offering expert testimony bears the burden of showing that the testimony is reliable. *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016).

## III. DISCUSSION

Defendants raise three arguments in support of their Daubert motion. First, Defendants argue that Dr. Shelton's opinions regarding instructions or warnings should be excluded as he is not an expert in instructions or warnings. Dr. Shelton concedes that he is not an expert in instructions or warnings. (Doc. 250 at 52). Dr. Shelton also concedes that he has never written instructions for any type of consumer product. (*Id.* at 53). Thus, Defendants' Daubert motion is granted insofar as it rests on this basis. *See Bourelle v. Crown Equip. Corp.*, 220 F.3d 532 (7th Cir. 2000) (holding that an expert's testimony that warning labels were inadequate was not reliable, and thus was not admissible, given that the expert did not draft or test an

alternative warning); *Brown v. Raymond Corp.*, 318 F. Supp. 2d 591 (W.D. Tenn. 2004), *aff'd*, 432 F.3d 640 (6th Cir. 2005) (holding that in a products liability action arising from an accident involving a forklift, the testimony of the plaintiff's proposed expert witness regarding whether the manufacturer of the forklift should have provided additional warnings was not admissible because the witness had not prepared any alternative warnings and did not testify that additional warnings would have prevented the accident).

Second, Defendants argue that Dr. Shelton's experience with articulating ladders is very limited. Dr. Shelton has not designed any type of ladder, has never been to a ladder manufacturing facility, and has never conducted American National Standard Institute (ANSI) testing on articulating ladders. (*Id.* at 63-65). However, as described above, Plaintiffs are offering Dr. Shelton as an expert in failure analysis. (*Id.* at 201). Failure analysis involves an evaluation of the components of a product that are either not functioning or have failed to determine the mode of failure and the factors that contributed to the failure. (*Id.* at 12). Thus, Dr. Shelton's expertise is not specific to a single item; failure analysis spans an array of items. Indeed, Dr. Shelton has conducted failure analysis testing on various types of products, such as pressure vessels, heat exchangers, and shafts in motors. *Id.* The Court also notes that Dr. Shelton has previously been accepted as an expert in four different cases involving ladders. (*Id.* at 90). Defendants' arguments challenging Dr. Shelton's experience with articulating ladders are unpersuasive.

Finally, Defendants argue that Dr. Shelton has refused to demonstrate how he placed the ladder in the "false locked" position. At the Daubert hearing, Dr. Shelton explained how he manipulated the ladder to put it in the false lock position. (*Id.* at 75-76). Using the accident ladder, he then demonstrated how he placed it in the false lock position. (*Id.* at 194-195). Dr. Shelton repeatedly testified that, though he personally observed the ladder engage into the false lock position on its own, he was not able to document it because it is a rare occurrence. (*Id.* at 76, 197-99).

Dr. Shelton may base his opinions on facts or data in the case that he has been made aware of or personally observed. Fed. R. Evid. 703. The Fifth Circuit has repeatedly opined that courts have "wide latitude" in determining the admissibility of those opinions. *See, e.g., Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, 885 F.3d 794, 803 (5th Cir. 2018). The Court concludes that Dr. Shelton's opinions are based on "sufficient facts or data." *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016). Defendants' questions as to the bases of Dr. Shelton's opinions go to their weight, not their admissibility. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). The Court therefore denies Defendants' challenge to Dr. Shelton's opinions. Defendants will be provided a full opportunity to examine Dr. Shelton on his findings at trial.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' ***Daubert*** **Motion (Doc. 187)** to exclude the opinions of Plaintiffs' expert, Dr. Thomas Shelton, is **GRANTED IN PART** and **DENIED IN PART**.

Baton Rouge, Louisiana, this 24th day of January, 2020.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA